Jon G. **MURRAY, and Society of Separationists, Inc.**

v.

**CITY OF AUSTIN, TRAVIS COUNTY, TEXAS.**

**Civ. No. A–87–CA–320.**

United States District Court, W.D. Texas, Austin Division.

Sept. 7, 1990.

John W. Vinson, Gen. Counsel, Soc. of Separationists, Inc., Austin, Tex., for plaintiffs.

James N. Rader, City of Austin, Austin, Tex., for defendant.

## ORDER

NOWLIN, District Judge.

This cause came before the Court on Plaintiffs', Jon G. Murray and the Society of Separationists, Original Complaint, seeking declaratory and injunctive relief against the City of Austin, Texas, the City Council, its individual members, and the Mayor in their official capacities. Specifically, Plaintiffs seek a declaration that the Defendants' use of the City Seal, which contains a Latin cross, a pair of wings, a lamp, and a silhouette of the State Capitol, violates the First and Fourteenth Amendments of the United States Constitution as well as Article I, Sections six and seven of the Texas Constitution. Plaintiffs also seek a permanent injunction against the Seal's continued use.

Plaintiffs and Defendants have filed cross motions for summary judgment. Rule 56(c) permits the Court to grant a motion for summary judgment when it appears from the affidavits and other exhibits on file with the Court that there is no genuine issue of material fact for trial, and when the movant is entitled to summary judgment as a matter of law. FED.R. CIV.P. 56(c); *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Since both parties in this case seek summary judgment, both parties agree that there are no material issues of fact in dispute and that this case may be disposed of as a matter of law.

Plaintiffs' and Defendants' cross Motions for Summary Judgment are limited to the issues of whether the Austin City Seal violates the Establishment Clause of the First Amendment of the United States Constitution, and the Free Exercise Clause of the First Amendment of the United States Constitution. The Court will, therefore, limit its opinion to these two issues. The Court will proceed with the Establishment Clause issue first.

## I. THE ESTABLISHMENT CLAUSE

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, ..." This clause has been made applicable to the states, and its political subdivisions, through the Fourteenth Amendment. *See Everson v. Board of Education,* 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947). In *County of Allegheny v. American Civil Liberties Union,* — U.S. ——, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989), the Supreme Court recently confirmed the three part test in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), for determining whether the conduct of a governmental entity complies with the Establishment Clause of the First Amendment.

Under *Lemon,* in order for the challenged governmental conduct to be found constitutional: (1) it must have a secular legislative purpose; (2) its principal or primary effect must be one that neither advances nor inhibits religion; and (3) it must not foster an excessive government entanglement with religion. *Id.,* at 612, 91 S.Ct. at 2111. The First Amendment is violated if any of the three prongs of the test are violated. *Allegheny,* 109 S.Ct. at 3100.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. *Purpose Test*

■ The purpose test is based on the subjective intent of the governmental entity charged with the unconstitutional conduct. *See Friedman v. Board of County Commissioners of Bernalillo County,* 781 F.2d 777, 781 (10th Cir.1985), *cert. denied,*

476 U.S. 1169, 106 S.Ct. 2890, 90 L.Ed.2d 978 (1986). The City of Austin has submitted to the Court a copy of the resolution contained in the minutes of the Special Meeting of the City Council held on April 12, 1919, in which the city adopted its original city seal, which was based on the modified Coat of Arms of Stephen F. Austin.[1]

The original coat of arms of the Austin family was a crest containing three crosslets, atop of which stood a wreath, supporting a cross between two wings.[2] Plaintiffs acknowledge that the cross on the crest was originally used to indicate that a progenitor had participated in a crusade. The wings were designed to represent St. Austin, also known as St. Augustine, Archbishop of Canterbury.[3]

Stephen F. Austin modified that design by replacing the three crosslets with a deer's head to symbolize that he was an American pioneer.[4] The current city seal is an even further modification of the original Austin coat of arms. The city seal now consists of a shield surmounted by a crest formed by the silhouette of the Texas capitol. Superimposed on the capitol silhouette is the crest of the coat of arms of Stephen F. Austin, without the deer.[5] The crest now includes a wreath, two wings, and a cross-crosslet. In a blue triangle field, is a gold lamp of knowledge symbolizing the educational advantages of the city. The City Council adopted a city flag bearing this insignia on April 12, 1919 by a resolution, which has been submitted as an exhibit by Defendants. In the City Council resolution, the Council described the city seal as follows:

A silhouette of the Capitol in red crowns the whole, and woven into this silhouette is the crest to the coat-of-arms of Ste-

phen F. Austin, after whom the City of Austin was named. The entire design is a modified form of the Austin coat-of-arms. In the center of the blue field is a golden lamp of knowledge, typifying the educational advantages of Austin, its orange color indicating the University of Texas.

Thus, there is documentary evidence that the City Council had a secular purpose in adopting a modified version of the Austin coat of arms as its City seal.[6] The Plaintiffs have submitted no documentary evidence sufficient to contradict the Council's own stated purpose for the use of the coat of arms. Plaintiffs only allege that "it nonetheless may be that the City specifically desired to promote Christianity through the cross in the seal." Speculation is insufficient to support a motion for summary judgment, especially when faced with documentary evidence to the contrary. The Court, thus, finds that the City had the secular purpose of recognizing the coat of arms of Stephen F. Austin in the adoption of its city seal.

### B.  Effects Test

■ The effects test is an objective one and must be passed separately and apart from the City's actual stated purpose. *Friedman,* 781 F.2d at 781. The issue under the effects test is whether the seal's principal or primary effect is one that advances religion. *Lemon,* 91 S.Ct. at 2111. The Supreme Court recently elucidated this criteria by stating that the issue is whether, " 'the challenged governmental action is sufficiently likely to be perceived by adherents of the controlling denominations as an endorsement, and by the nonadherents as a disapproval, of their individual religious

---

1. Stephen F. Austin established a colony of settlers in Central Texas by the Mexican Government in 1823, and later served as the Secretary of the State of the Republic of Texas. As a result of his contributions, Stephen F. Austin is known as "the Father of Texas" and the state capitol, the City of Austin, bears his name.

2. *See* Appendix A.

3. *Stephen F. Austin's Legacies* at 22, (W.E. Long, ed. (1970)).

4. Based on documents submitted to the Court from the Austin History Center. *See* Appendix B.

5. *See* Appendix C.

6. The fact that Stephen F. Austin's ancestors may have had a religious purpose in the design of the family coat of arms is irrelevant to the city council's secular purpose in adopting and modifying the coat of arms as its city seal.

choices.' " *Allegheny*, 109 S.Ct. at 3103 (quoting *School District of City of Grand Rapids v. Ball*, 473 U.S. 373, 105 S.Ct. 3216, 3226, 87 L.Ed.2d 267 (1985)). The Supreme Court further stated that the effect of the government's use of religious symbolism depends upon the unique physical context in which it appears. *Id.*

In *Lynch v. Donnelly*, 465 U.S. 668, 104 S.Ct. 1355, 1369, 79 L.Ed.2d 604 (1984), the Supreme Court held that a municipality's display of a nativity scene as part of its annual Christmas display did not violate the Establishment Clause because of the generally secular physical context in which it was displayed. The nativity scene was part of a Christmas display, which included Santa Claus, a reindeer, and a Christmas tree. The Court found that the primary effect was not to benefit any religion, but to celebrate a holiday and depict the origin of that holiday. The concurrence opined that because the nativity scene was displayed along with purely secular symbols, its setting changed what viewers might otherwise understand to be the purpose of the display, and negated any message of endorsement of Christian beliefs represented by the nativity scene. *Id.*, 104 S.Ct. at 1369 (O'Connor, J., concurring).

In contrast, the Supreme Court, in *Allegheny*, held that the city's display of a nativity scene standing alone on the Grand Staircase of the Allegheny County Courthouse, which was the most prominent part of the courthouse, and containing a banner overhead proclaiming, "Gloria in Excelsis Deo," meaning "Glory to God in the highest," had no secular setting to negate the primary effect, which, in the Court's view, was to send a message that the county supports and promotes the Christian praise to God. *Allegheny*, 109 S.Ct. at 3104.

In *Friedman v. Board of County Commissioners of Bernalillo County*, 781 F.2d 777 (10th Cir.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2890, 90 L.Ed.2d 978 (1986), the Tenth Circuit held that the county's use of a seal, which contained a large Latin

cross in the center and a Spanish motto, which meant "With This We Conquer" failed the effects test. In *Friedman*, unlike in the instant case, the cross was the only visual element on the seal and was surrounded by rays of light emanating from the cross. The Tenth Circuit distinguished the case before it from *Lynch* by the fact that the religious symbols in the county seal did not appear in a generally secular context.

In *Harris v. City of Zion*, 729 F.Supp. 1242 (N.D.Ill.1990), the District Court of the Northern District of Illinois upheld the city of Rolling Meadows' city seal, which contained a Latin cross, on the basis that, in the context of the other symbols in the seal, a water tower, a leaf, and a school, the cross merely represented an aspect of the origin of the Rolling Meadow community. The Court found that the remaining symbols sufficiently neutralized the seal to avoid any religious message which a lone or prominent cross might convey. *Id.*, at 1248–49.

The District Court of Northern Illinois, in the above case, also had the opportunity to determine the constitutionality of the City of Zion's city seal, which contained a cross, a dove, a crown with a scepter, and a ribbon with the words, "God Reigns." The Court found that the sum of the individual symbols imparted a decidedly religious message, and that there was nothing secular to neutralize that message. *Id.*, at 1250.

In contrast to the seal in the case of the *City of Zion*, and the seal in the case of *Friedman*, the cross in the seal of the City of Austin, is part of a generally secular context, which includes the lamp of knowledge, the State Capitol, and a pair of wings. In the Court's opinion, the religious aspect of the cross is sufficiently negated by the surrounding secular symbols.[7] Moreover, whatever religious significance the pair of wings in the Austin Family's coat of arms may have once had, the

---

7. The Court does not make this determination based on a mathematical calculation of the geometric area occupied by the cross as suggested by Defendants. The Court, however, has taken into consideration the small size of the cross insofar as it is relevant to the issue of its prominence in the context of the surrounding symbols.

Court is of the opinion that it has long since lost any such significance when viewed by the average modern day observer.[8] The Court finds that, considering the context, the Austin City seal is not sufficiently likely to be perceived by adherents of Christianity as an endorsement of their religion, or by nonadherents of Christianity as a disapproval of their religious choices.

## C. Excessive Entanglement

With respect to the excessive entanglement test, the Plaintiffs themselves concede that "there is no evidence that the City of Austin has intruded into the internal affairs of any particular church or religious organization, nor that any organized religion has intruded into the affairs of the City." Plaintiffs merely argue that whenever government supports and endorses a particular religion, it tends to entangle itself in a potentially politically divisive conflict. Plaintiffs continue to attempt to support their case with conjecture and hypothetical situations. The Court has concluded that the City of Austin does not support or endorse any particular religion. Moreover, even if the Court had found otherwise, the burden is on Plaintiffs to prove their case against the City by concrete evidence rather than by hollow assumptions.

It is a waste of this Court's time to entertain such unsupported allegations without the Plaintiffs even attempting to bring forth a scintilla of evidence for the Court's consideration. The Court is not in a position to tolerate such frivolous claims. The Court finds that the seal of the City of Austin does not violate the Establishment Clause of the First Amendment.

## III. THE FREE EXERCISE CLAUSE

■ The Free Exercise clause of the First Amendment of the United States Constitution provides that "Congress shall make no law ... prohibiting the free exercise [of religion]." This clause was made applicable to the states in *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Plaintiffs have not attempted to demonstrate any coercive effect, or any burden imposed on them, or any type of interference with their religious beliefs or non-beliefs, resulting from the use of the City of Austin's seal. *School District of Abingdon Township v. Schempp*, 374 U.S. 203, 223, 83 S.Ct. 1560, 1572, 10 L.Ed.2d 844 (1963). At most, Plaintiffs allege that there is "subtle coercion" on them to adhere to the majoritarian faith symbolized by the cross in the seal. Plaintiffs, however, have failed to produce any evidence pointing to a single incident in which any one of their members was coerced in any manner, subtle or otherwise to perform any specific acts against their will.

This alleged "subtle coercion" is a far cry from cases dealing with actual interference with specific religious activities or actual compulsion of acts in violation of one's religious beliefs, which have typically come before the Supreme Court in the past. *See, e.g., Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) (dealing with compulsory education and the Amish); *Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244 (1878) (dealing with polygamy and the Mormon Church); *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943) (dealing with compulsory flag salute and Jehovah's Witnesses); *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (dealing with compelled display of words, "Live Free or Die" on license plate); *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (compelling work on religious holidays). As such, the Plaintiffs continue to test the Court's patience by bringing conclusory allegations with not one shred of evidence to support them. The Court finds that the seal of the City of Austin does not violate the Free Exercise clause of the First Amendment.

ACCORDINGLY, IT IS ORDERED that the Plaintiffs' Motion for Summary Judg-

---

**8.** *See American Civil Liberties Union of Illinois v. City of St. Charles*, 794 F.2d 265, 271–72 (7th Cir.1986), (considering whether a particular symbol of religious origin has lost its religious significance over time).

**776**

ment is DENIED; and that the Defendants' Motion for Summary Judgment is GRANTED. IT IS FURTHER ORDERED, in accordance with Fed.R.Civ.P. 11, that Plaintiffs pay Defendants court costs and reasonable attorneys' fees incurred in this litigation. Defendants are granted leave to submit to the Court affidavits in support of costs and reasonable attorney's fees. IT IS FURTHER ORDERED that Plaintiffs' cause of action alleging violations of the Texas Constitution is DISMISSED as frivolous; and for lack of subject matter jurisdiction due to the disposition of the only issues invoking the Court's federal question jurisdiction.

### APPENDIX A

THE AUSTIN COAT OF ARMS (Used by Elijah Austin, 1775) *Motto: Deus Regnat*—Argent, on a fesse between two chevrons sable three cross-crosslets of the first, within a bordure of the same charged with a wreath of laurel and roses proper.

Crest—a cross *or* between wings *argent.*

*Complete American Armoury and Blue Book.* Mathews

Checked by Mrs. J. B. Golden, Genealogy Librarian, Texas State Library.

Approved by Mrs. John S. Caldwell, Sr., Great-great-granddaughter of Emily Margaret Austin; J. P. Bryan, Great-great-grandson of Emily Margaret Austin; Miss Corinne Perry, Great-great-granddaughter of Emily Margaret Austin; and previously approved by her Aunt, Mrs. Hally Bryan Perry.

## APPENDIX B

S • SILVER
B • BLACK
G • GOLD

Coat of arms and crest of Stephen F.
Austin, as well as the commit-
tee could determine

## APPENDIX C